IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:25-cr-135 |
| Plaintiff, | : | Judge Algenon L. Marbley |
| v. | : | |
| DENICO ANDERSON, | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before this Court on Defendant Denico Anderson's *pro se* Motion for Early Termination of Supervised Release.  (ECF No. 2).  The Government does not oppose his request.  (ECF No. 4).  The motion is **GRANTED**.

**I.    BACKGROUND**

On August 17, 2021, Defendant Denico Anderson pleaded guilty to distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).[1]  Specifically, he distributed methamphetamine in exchange for $100.[2]  District Judge John Preston Bailey sentenced Anderson to 30 months of imprisonment, followed by 3 years of supervised release.  He was ordered to participate in substance abuse treatment, submit to substance abuse testing, and comply with the offender employment program.[3]  Anderson's supervised release was transferred from the Northern District of West Virginia to the Northern District of Illinois on December 21,

---

[1] *See* Sentencing Hr'g, No. 20-cr-16(6), ECF No. 809 (N.D. W. Va. Aug. 17, 2021).
[2] Indictment, No. 20-cr-16(6), ECF No. 4 at 12 (N.D. W. Va. Aug. 5, 2020).
[3] Executed Judgment in a Criminal Case, No. 20-cr-16(6), ECF No. 860 at 1–3, 5 (N.D. W. Va. Sept. 21, 2021).

2023.[4] He secured employment and moved to the Southern District of Ohio in early 2025. (ECF No. 1).

On March 30, 2025, Anderson was charged in the Franklin County Municipal Court for Operating a Vehicle While Intoxicated and speeding at a rate of 61 miles per hour in a 35-mile-per-hour zone; on April 4, he pleaded guilty to operating a vehicle while intoxicated and was sentenced to three days in jail and a one-year license suspension. *State v. Anderson*, Case No. 2025-TRC-112177 (Franklin Cnty. Mun. Ct. April 4, 2025). He completed a substance abuse assessment on March 31, and no further treatment was recommended. (ECF No. 4).

Anderson's supervision was formally transferred to this Court on August 25. (ECF No. 1). In that transfer Order, District Judge John F. Kness observed that Defendant "has made significant strides." (*Id.*). On September 5, Anderson petitioned for early termination of supervised release via letter. (ECF No. 2). He points out that he has worked hard to reintegrate into society, has been evaluated for drug and alcohol treatment with the conclusion that such treatment is unnecessary, has been employed as a car lot attendant since March 17, and has recently obtained employment as a home health care aid. (*Id.*). In response, neither the Government nor the United States Probation Officer opposed Anderson's request. (*See* ECF No. 4 at 1–2). Probation noted that, with regard to the traffic offense, Anderson does not have an ordered alcohol condition[5] and observed that Anderson had been making a positive adjustment to supervision in Ohio. (*Id.* 4 at 1).

---

[4] Transfer of Jurisdiction, No. 20-cr-527, ECF No. 13 (N.D. Ill. Dec. 21, 2023).
[5] Though Anderson's conditions of supervision prohibit possession or consumption of "organic or synthetic intoxicants" which might appear to prohibit alcohol, *see* Intoxicant, Black's Law Dictionary (11th ed. 2019), these conditions list examples of intoxicants as being "bath salts, synthetic cannabinoids or other designer stimulants." Executed Judgment in a Criminal Case, No. 20-cr-16(6), ECF No. 860 at 4 (N.D. W. Va. Sept. 21, 2021). A review of supervised release conditions in the Northern and Southern Districts of West Virginia suggest that alcohol provisions are enumerated separately. *E.g.*, *United States v. Nieto-Garcia*, 2017 WL 4125268, at *3 (N.D. W.

## II.  STANDARD OF REVIEW

A court may order early termination of the period of supervised release when the defendant has served one full year of supervised release. *United States v. Emmert*, 2025 WL 3165226, at *2 (S.D. Ohio Nov. 13, 2025) (Marbley, J.). Courts enjoy discretion in considering whether early termination is warranted by the defendant's conduct *and* is in the interest of justice. *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025). Courts must consider the factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence in criminal conduct; (3) the need to protect the public from the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment; (5) the sentencing range provided for by the guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid sentence disparities; and (8) the need to provide restitution to any victim. 18 U.S.C. § 3553(a)(1); (a)(2)(B)–(D); (a)(4)–(7).

## III.  LAW & ANALYSIS

After carefully considering the statutory requirements, this Court determines that the first, second, and third factors are most relevant to its determination.[6] First, the nature and

---

Va. Sept. 18, 2017) (separately prohibiting "organic or synthetic intoxicants" and "alcohol"); *accord United States v. Rhodes*, 2024 WL 3345487, at *3, *5 (S.D. W. Va. July 17, 2024) (similar).

[6] Anderson has not identified any needed educational or vocational training, medical care, or corrective treatment. No argument is made about the term of Anderson's sentence, which was at the bottom of the guidelines range. *See* Statement of Reasons, No. 20-cr-16(6), ECF No. 811 at 1 (N.D. W. Va. Aug. 18, 2021). There is no victim needing restitution. Presentence Investigation Report, No. 20-cr-16(6), ECF No. 814 at 8–9 (N.D. W. Va. Aug. 17, 2021) ("There are no identifiable victims in this offense."). Thus, the Court considers these factors to be inapplicable. *Cf. United States v. Tavarez*, 141 F.4th 750, 757 (6th Cir. 2025) ("[T]he district court need not 'articulate its analysis of each sentencing factor as long as the record demonstrates that the court considered the relevant factors.'") (citation omitted); *United States v. Suber*, 75 F. App'x 442, 444

circumstances of Anderson's offense, combined with Anderson's characteristics, weigh in favor of early termination. Although Anderson was convicted of a drug offense for distributing $100 worth of methamphetamine, since his incarceration, he has secured employment, maintained contact with his Probation Officers, and continued to test negative for drugs. (ECF No. 4 at 1). Second, Anderson's sentence has provided adequate deterrence. Indeed, he has served the majority of his term of supervised release and has less than a year left. (*Id.*). Third, Anderson appears to be a low risk to the public. Although his crime was serious, since the beginning of his term of supervised release, the only issue has been his conviction for operating a vehicle while intoxicated. (*Id.*). These factors suggest early termination would be appropriate in this case.

In sum, three factors weigh in favor of early termination and the remainder do not apply. Next, in considering Anderson's conduct and the interest of justice, the Court concludes that both favor an early termination. First, an early termination would not be incongruent with how district courts treat similar (or worse) offenders. *See United States v. Ponce*, 2022 WL 1202781, at *1, *4 (D. Idaho Apr. 22, 2022) (finding defendant's "perfect record on supervision" was sufficient for early termination of 4 years' supervised release, following 60-month term for one count of distributing methamphetamine); *see also United States v. Garcia-Rivas*, 711 F. Supp. 3d 1246, 1249 (D. Ore. 2024) (grating early termination of 3 years' supervised release following 121-month term for operating two methamphetamine laboratories).

Second, Anderson is gainfully employed, has remained drug-free, and has left favorable impressions with his probation officers. (ECF No. 4 at 1). This Court does take his traffic conviction seriously and admonishes Anderson to refrain from drinking and driving. Yet the Court

---

(6th Cir. 2003) (affirming district court's denial of early termination motion based on consideration of only two factors).

is also encouraged by the fact that Anderson immediately "participated in a substance abuse assessment and no further treatment was recommended." (*Id.*). Thus, this Court concludes that Anderson "will be successful without supervision." *United States v. Baskette*, 2022 WL 1698927, at *2 (W.D. Ky. May 26, 2022); *accord United States v. Holmes*, 2025 WL 2589569, at *2 (E.D. Mich. Aug. 14, 2025) (granting early termination where defendant "exhibited commendable compliance with his supervision terms," was employed, and remained crime-free).

This Court concludes that Anderson has made a sufficient showing to permit early termination. Based on his conduct, the Government's position, an evaluation of the relevant section 3553(a) factors, and the interests of justice, early termination of Anderson's three-year sentence of supervised release is warranted.

IV. **CONCLUSION**

<u>This Court commends Mr. Anderson for the progress he has made but reminds him to act carefully and not jeopardize this progress</u>. For these reasons and for good cause shown, his motion for early termination of supervised release is **GRANTED**. The United States Probation Office for the Southern District of Ohio is **ORDERED** to **TERMINATE** the supervised release of Denico Anderson.

**IT IS SO ORDERED.**

*[signature]*

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 18, 2025**